THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**INÉS MARÍA JELÚ IRAVEDRA,**

    **Plaintiff**

    **v.**

**MUNICIPALITY OF GUAYNABO, et al.,**

    **Defendants.**

**Civil No. 16-1585 (ADC)**

**OPINION & ORDER**

Before the Court is a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") by co-defendant Héctor O'Neill-Rosa ("O'Neill-Rosa"). **ECF No. 29**. Also before the Court are the opposition by plaintiff Inés María Jelú Iravedra ("Jelú"), **ECF No. 41,** and O'Neill-Rosa's reply, **ECF No. 46**. O'Neill-Rosa's request for dismissal is based, in essence, on two arguments: (i) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"), does not confer a cause of action for individual liability under which Jelú could file suit against him in this case; and (ii) the Court should not exercise its supplemental jurisdiction regarding Jelú's tort claim against him under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802"). **ECF Nos. 29, 46**. Having considered O'Neill-Rosa's and Jelú's arguments, the Court **DENIES** the motion to dismiss for the reasons discussed below.

I.     **Standard of Review**

Federal courts are courts of limited jurisdiction. *Destek Grp. v. State of New Hampshire Pub. Utils. Comm'n*, 318 F.3d 32, 38 (1st Cir. 2003). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Thus, the party asserting jurisdiction bears the burden of showing the existence of federal jurisdiction. *Id*. (citing *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)).

"The proper vehicle for challenging a court's subject-matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1). This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 362-363 (1st Cir. 2001). Motions to dismiss brought under Rule 12(b)(1) are subject to a similar standard as motions brought pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). *See Negrón-Gaztambide v. Hernández-Torres*, 35 F.3d 25, 27 (1st Cir. 1994). That is, when considering Rule 12(b)(1) and Rule 12(b)(6) motions, the Court credits the plaintiff's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (citing *Hosp. Bella Vista*, 254 F.3d at 363). "[T]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 49 (1st Cir. 2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted).

In adjudicating a motion to dismiss under Rule 12(b)(1), the Court shall grant the same if upon "accepting plaintiff's version of jurisdictionally-significant facts as true," it deems that plaintiff has failed to propound an adequate base for subject-matter jurisdiction. *Hosp. Bella Vista*, 254 F.3d at 363. Further, the court may "take into consideration extra-pleading material" to reach its decision. *Wojciechowicz v. United States*, 530 F. Supp.2d 421, 424 (D.P.R. 2007) (internal quotation marks omitted) (quoting 5B Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure §1350, at 213 (2d ed. 1990)).

## II.   Discussion

Jelú's sole cause of action against O'Neill-Rosa in the complaint is a tort claim under Article 1802.[1] **ECF No. 1**, ¶¶ 1.4, 2.3, 5.20-5.26. It is based on the damages claimed for his alleged sexual harassment of her, which according to Jelú constituted "assault, battery, breach of the peace, stalking, threats, defamation, undue intrusions into her private life, character assassination and attacks to her professional reputation, in violation of her constitutional right to privacy and dignity, as well as other extreme and outrageous conduct." *Id*. at 5.22. In his motion to dismiss, O'Neill-Rosa alleges that the Court lacks subject matter jurisdiction over Jelú's tort claim against him because Title VII does not grant individual liability as to alleged harassers, for which her tort claim under Article 1802 "fail[s] to be anchored in the required original federal jurisdiction." **ECF No. 29**, ¶ 9.

---

[1] The complaint asserts four causes of action. **ECF No. 1**, ¶¶ 5.1-5.26. All four claims are asserted against the Municipality of Guaynabo. *Id*. Within plaintiff's fourth claim (damages), O'Neill-Rosa appears named as a co-defendant. *Id*. at ¶¶ 5.20-5.26.

As the First Circuit Court of Appeals held in *Fantini v. Salem State College,* "[t]here is no individual employee liability under Title VII." 557 F.3d 22, 30 (1st Cir. 2009). However, it is firmly established that a well-pleaded claim under Title VII against an employer confers upon the Court federal question jurisdiction over such a claim. *Rodríguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1176 (1st Cir. 1995). In this case, a reading of the complaint reveals a well-pleaded claim of sex-based discrimination, sexual harassment and retaliation under Title VII against the Municipality of Guaynabo, Jelú's former employer. **ECF No. 1**. Thus, clearly, the Court has original, federal question jurisdiction over Jelú's Title VII claim against the Municipality of Guaynabo, but not over her claim against O'Neill-Rosa. Nonetheless, as discussed below, the Court may exercise supplemental jurisdiction over Jelú's Puerto Rico law claims against both the Municipality of Guaynabo and O'Neill-Rosa.

As expressly provided under 28 U.S.C. § 1367(a), the Court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Multiple claims in a case form a part of the same case or controversy under 28 U.S.C. § 1367(a) when "the state and federal claims . . . derive from a common nucleus of operative fact . . . [I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one

judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Furthermore, 28 U.S.C. § 1367(c) establishes the following instances in which the Court should not exercise its supplemental jurisdiction even when the state and federal claims in a case arise from the same nucleus of operative facts: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Additionally, when determining whether to exercise its supplemental jurisdiction over state-law causes of action, the Court shall take into account "considerations of judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 726.

In this case, Jelú asserts her claims of sex-based discrimination, sexual harassment and retaliation against the Municipality of Guaynabo not only under Title VII, but also pursuant to Puerto Rico Acts No. 17 of April 22, 1988;[2] No. 100 of June 30, 1959;[3] and No. 69 of July 6, 1985.[4] **ECF No. 1** ¶¶ 2.1-2.4, 5.1-5.19. She also raises tort claims against the Municipality of Guaynabo for vicarious liability under Article 1803 of the Puerto Rico Civil Code,[5] and against O'Neill-Rosa under Article 1802. *Id.*, ¶¶ 2.3, 5.20-5.26. In her thirty-four-page complaint, Jelú includes

---

[2] P.R. Laws Ann. tit. 29, §§ 155 et seq. ("Law 17") (prohibiting sexual harassment in the workplace).
[3] P.R. Laws Ann. tit. 29, §§ 146 et seq. ("Law 100") (akin to Title VII, prohibiting discrimination in employment based on protected categories).
[4] P.R. Laws Ann. tit. 29, §§ 1321 et seq. *("Law 69") (*prohibiting sex-based discrimination in employment*).
[5] P.R. Laws Ann. tit. 31, §§ 5142 ("Article 1803") (*respondeat superior* tort liability).

detailed allegations of what she avers to have been multiple acts of sexual harassment against her by O'Neill-Rosa during Jelú's employment as an attorney in the Legal Division of the Municipality of Guaynabo, where she worked from July 2012 until March 2016. **ECF No. 1**, ¶¶ 4.1, 4.62. Although not an employee of the Municipality of Guaynabo, O'Neill-Rosa is, according to plaintiff, "[a] son of the mayor . . . who performed functions and fulfilled duties for the New Progressive Party . . . in Guaynabo, P.R. As such, [O'Neill-Rosa] frequented City Hall, including the legal Division where Plaintiff worked." **ECF No. 1**, ¶ 3.6. Furthermore, she alleges that "the unwritten policy at the Municipality was that it was acceptable for [the] Mayor . . . and his son [O'Neill-Rosa] to engage in sexual relations with female employees." *Id*., ¶ 4.22. Jelú further asserts that "[the] Mayor . . . encouraged this type of conduct by having consensual intimate relationships with various subordinates, and by treating them more favorably and giving them better employment opportunities than other female employees." *Id*. She alleges, too, that "submission to [O'Neill-Rosa's] sexual advances was made by [t]he Municipality . . . as term or condition" of her employment, "and the rejection of such conduct by her was used by the Municipality as a basis for employment decisions adversely affecting her." *Id*., ¶ 4.24.

Jelú contends that O-Neill-Rosa's unwanted sexual advances were of such "frequency, continuity and intensity" that they constituted a hostile work environment that interfered unreasonably with her work performance and caused her emotional damages. *Id*., ¶ 4.26. She further alleges that the Municipality of Guaynabo was "fully aware of the pattern of sexual harassment to which Jelú was subjected by [O'Neill-Rosa] and failed to take any action or

measure to prevent or stop such misconduct." *Id*. at ¶ 4.27. Jelú also avers to have complained to the Municipality of Guaynabo, verbally and in writing, of O'Neill-Rosa's advances, which, according to Jelú, resulted in multiple acts of retaliation against her by the Municipality of Guaynabo. *Id*. at ¶¶ 4.28- 4.61. She alleges that those acts of retaliation "forced [her] decision to resign from her employment to avoid further deterioration of her mental health." *Id*. at ¶ 4.62.

O'Neill-Rosa contends that the Court should not exercise its supplemental jurisdiction over her sole cause of action against him-- a tort claim under Article 1802. **ECF No. 46** at 3-8. According to O'Neill-Rosa, "[i]t may be the case that some of the facts necessary to prove her claims against [O'Neill-Rosa] under state law and against the municipality under Title VII overlap or are similar, but such similarity does not make the claims based on the same common nucleus of operative fact." *Id.* at 6. The Court disagrees.

The Municipality's liability for the alleged acts of sexual harassment by O'Neill-Rosa under both Title VII and Puerto Rico law is predicated on: (i) whether the alleged acts by O'Neill-Rosa in fact occurred; (ii) whether the Municipality of Guaynabo knew or should have known about O'Neill-Rosa's alleged behavior against Jelú; (iii) the extent of the Municipality of Guaynabo's control and any other legal responsibility which it may have had with respect to O'Neill-Rosa's conduct, if any; (iv) the adequacy of the Municipality of Guaynabo's measures taken as to O'Neill-Rosa's alleged actions; and (v) whether Jelú suffered damages as a result of O'Neill-Rosa's and/or the Municipality of Guaynabo's alleged acts or omissions, if any, and the extent of the same. 29 C.F.R. § 1604.11; P.R. Laws Ann. tit. 29 §§ 155 et seq.; *Rodríguez Hernández*

*v. Miranda-Vélez*, 132 F.3d 848, 853-854 (1st Cir. 1998); *Plaza-Torres v. Rey*, 376 F. Supp. 2d 171, 183-184 (2005). Thus, in light of the applicable factors and Jelú's allegations in the complaint, both the Municipality of Guaynabo's and O'Neill-Rosa's potential liability regarding the alleged sexual harassment are clearly predicated on a common nucleus of operative facts. *Id.*; **ECF No. 1**, ¶¶ 4.1-4.65.

Moreover, Jelú's claims of sex-based discrimination and retaliation against the Municipality of Guaynabo are rooted also in her sexual harassment allegations, even if some of her claims against the Municipality of Guaynabo may entail additional questions of fact and law pertaining to the Municipality of Guaynabo's and Jelú's employer-employee relationship. **ECF No. 1**, ¶¶ 4.1-4.65; s*ee, e.g., Irizarry-Santiago v. Essilor Industries*, 929 F. Supp. 2d 30, 34 (D.P.R. 2013) (Court's exercise of supplemental jurisdiction over employee's Puerto Rico law claims of discrimination, retaliation, and tort damages against her manager was appropriate because they arose from the same nucleus of operative fact as claims against the employer under Title VII and the Age Discrimination in Employment Act) (citing *Vera–Lozano v. Int'l. Broadcasting,* 50 F.3d 67, 70 (1st Cir. 1995)); *Ammerman v. Sween*, 54 F.3d 423, 425 (7th Cir. 1995) (state law claim for assault and battery against co-employee shared a common nucleus of operative facts with Title VII claim against employer so as to confer supplemental jurisdiction over state law claim, even when "essential facts of the Title VII claim related to the employer's actions following the alleged assault[;] without reference to the facts surrounding the assault, there could have been no sexual harassment claim against the employer"); *Lucarino v. Con-Dive, LLC*, Civ. No. H-09-2548, 2010

WL 786546 at *3 (S.D. Texas March 5, 2010) (Rosenthal, J.) (in a claim filed against the employer under Title VII, the Equal Pay Act, and state law for sex-based discrimination, sexual harassment and retaliation, "[t]he presence of other allegations in support of the federal claims does not deprive [the] court of the authority to exercise jurisdiction over [the state law] assault claim under section 28 U.S.C. § 1367(a)" against plaintiff's supervisor).

### III.   Conclusion

Jelú has met her burden under Rule 12(b)(1) to establish the Court's original subject matter jurisdiction over her claim of sexual harassment, discrimination and retaliation against the Municipality of Guaynabo under Title VII. Furthermore, her complaint's allegations demonstrate a common nucleus of operating facts that comprise both her Title VII as well as her Puerto Rico law claims against the Municipality of Guaynabo and O'Neill-Rosa, thus conferring upon the Court supplemental jurisdiction over those claims. *See Rodríguez*, 57 F.3d at 1176.

Additionally, "[none] of the four specific scenarios upon which the court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) are present" in this case. *DaSilva v. One, Inc.*, Civ. No. 12-1286, 2015 WL 1470547 at *7 (D.P.R. Mar. 31, 2015) (Domínguez, J.); *see also Robledo v. Furiel Auto Corp.*, Civ. No. 14-1693, 2015 WL 3823708 at *2 (D.P.R. June 19, 2015) (López, M.J.) ("[w]hen claims constitute part of the same case or controversy pursuant to § 1367(a), unless a court can anchor its decision to decline supplemental jurisdiction in one of the four specific scenarios of § 1367(c), supplemental jurisdiction must be exercised") (quoting C. Alan Wright et al., *Federal Practice & Procedure* § 3567.3 (3d ed. 2014)). Finally, the Court sees no

"considerations of judicial economy, convenience and fairness to litigants" in this case that would compel it to decline its exercise of supplemental jurisdiction over Jelú's Puerto Rico law claims against the Municipality of Guaynabo and O'Neill-Rosa. *Gibbs*, 383 U.S. at 726. On the contrary, the common nucleus of operative facts underlying all of Jelú's claims and its ensuing overlap in witnesses and documentary evidence warrant that the Court exercise its supplemental jurisdiction in this case regarding the Puerto Rico law claims against both O'Neill-Rosa and the Municipality of Guaynabo. **ECF Nos. 1**, **42** at 51-56.

Therefore, O'Neill-Rosa's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), **ECF No. 29**, is hereby **DENIED**. Additionally, the parties' motions at **ECF Nos. 41** and **46** are hereby **NOTED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th of day of March, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**