# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

INÉS MARÍA JELÚ IRAVEDRA,

    **Plaintiff**,

      v.

MUNICIPALITY OF GUAYNABO, *et al.*,

    **Defendants**.

**CIVIL NO.** 16-1585(RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiff's *Motion In Limine to Exclude Reference to Non-Existent Work Performance Evaluations ("Motion In Limine")*. (Docket No. 253). Having reviewed the motion, the Municipality of Guaynabo's *Opposition* at Docket No. 264, and the applicable law, the Court finds that the Municipality did not meet its duty to preserve Plaintiff's seven (7) monthly performance evaluations from May 16, 2015 through December 15, 2015. The Municipality's failure to produce those evaluations has hampered Plaintiff's ability to mount an adequate defense to the Municipality's arguments. Therefore, the Court hereby **GRANTS** Plaintiff's *Motion In Limine* to exclude Plaintiff's monthly job performance evaluations at Docket No. 253. **However, although both parties will be precluded from discussing the evaluations and their**

**specific contents, they are not barred from presenting evidence as to Jelú's job performance.**

## I. BACKGROUND

On March 31, 2016, Inés María Jelú-Iravedra ("Jelú" or "Plaintiff") filed a *Complaint* against her former employer, the Municipality of Guaynabo ("the Municipality" or "Defendant") for alleged sex-based discrimination, sexual harassment in the form of hostile work environment, retaliation, and vicarious tort liability. (Docket No. 1). Plaintiff also presented a claim for damages against the alleged harasser, co-defendant Héctor O'Neill-Rosa ("O'Neill-Rosa"). Id.

According to the *Joint Proposed Pre-Trial Conference Memorandum* filed on April 22, 2019, the Municipality intends to use "Plaintiff's performance evaluations during [the] probationary period" as documentary evidence. (Docket No. 251 at 90). Plaintiff asserts that seven (7) written performance evaluations for the period of May 16 through December 15, 2015 prepared by her supervisor, Ana Quintero ("Quintero"), have not been produced by the Municipality and thus do not form part of the case record.[1] (Docket No. 253 at 6). Therefore, in her *Motion In Limine*, Jelú contends that the missing evaluations as well as Quintero's testimony and other documents she prepared regarding the

---

[1] These months overlap with Plaintiff's original year-long probation period for her position as Attorney III which began on December 16, 2014. (Docket Nos. 1 ¶ 4.18 and 24 ¶ 4.18).

evaluations are inadmissible under the spoliation doctrine and the best evidence rule. (Docket No. 253 at 6).

In their *Omnibus Response in Opposition to Plaintiff's Motions in Limine at Docket Nos. 252-256*, the Municipality **concedes** that "**it is uncontested that the performance evaluations are unavailable.**" (Docket No. 264 at 11). However, the Municipality alleges that Plaintiff is in possession of the evaluation for May 16, 2015 through June 15, 2015. Id. Regarding the other six (6) evaluations, the Municipality asserts that "*these evaluations were inadvertently lost and have not been found despite reasonable searches to find them.*" Id. Despite this admission, the Municipality alleges that since there is no evidence showing that the evaluations were lost or destroyed in bad faith, secondary evidence can be used to prove the contents of the missing evaluations. Id. Moreover, the Municipality argues that regardless of whether the evaluations are produced, Quintero and other supervisors can still testify about Plaintiff's job performance.

## II. DISCUSSION

### A. Spoliation

#### i. *Defining Spoliation and Relevant Evidence*

Spoliation of evidence "can be defined as the failure to preserve evidence that is relevant to pending or potential litigation." Jimenez-Sanchez v. Caribbean Restaurants, LLC, 483 F.Supp.2d 140, 143 (D.P.R. 2007). Litigants are responsible for

protecting relevant evidence from destruction, material alteration, and loss. *See* Velez v. Marriott PR Mgmt., Inc., 590 F. Supp. 2d 235, 258 (D.P.R. 2008); Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). Relevant evidence "is that which may prove or disprove a party's liability theory." E.E.O.C. v. Ventura Corp., 2013 WL 550550, at *5 (D.P.R. 2013) (quoting Velez, 590 F. Supp. 2d at 258); *see also*, Vazquez-Corales v. Sea-Land Serv., Inc., 172 F.R.D. 10, 12 (D.P.R. 1997) ("It is plainly obvious that evidence with the potential to disprove a plaintiff's theory or to reveal a contributing cause of the damages for which the defendant is not responsible is relevant to the case.")

By the Municipality's own admission, it is uncontested that Jelú's performance evaluations for the period between May 16, 2015 and December 15, 2015 are unavailable and have not been produced in this case. (Docket No. 264 at 11). The specific content of the performance evaluations can either support or disprove the Municipality's claims that (1) Plaintiff's performance was deficient and (2) Plaintiff was notified of her deficient job performance evaluation before presenting her internal complaint alleging sexual harassment. (Docket No. 253 at 1). Therefore, Plaintiff's performance evaluations are undoubtedly relevant evidence in this case. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

### ii. *The Duty to Preserve Evidence*

The duty to protect and preserve relevant evidence "arises not only during litigation but also extends to that period before the litigation when a party **reasonably should know that the evidence may be relevant to anticipated litigation**." Perez-Velasco v. Suzuki Motor Co., Ltd., 266 F. Supp. 2d 266, 268 (D.P.R. 2003). (emphasis added). When determining if litigation should be reasonably anticipated, courts must conduct a fact intensive analysis that often takes into account the nature of the parties involved. *See e.g.* Broccoli v. Echostar Commc'ns Corp., 229 F.R.D. 506, 510 (D. Md. 2005) (finding that the employer was placed on notice of potential litigation arising out of plaintiff's allegations of sexual harassment); Webster v. Psychiatric Med. Care, LLC, 386 F. Supp. 3d 1358, 1363 (D. Mont. 2019) (holding that a sophisticated entity such as an employer should recognize the possibility of a lawsuit when it takes an adverse employment action against a professional employee).

Moreover, the duty to preserve evidence can also arise independent of litigation pursuant to (a) a contract, (b) a statute or regulation, (c) a document retention policy, or (d) in the case of attorneys, ethical duties. Margaret M. Koesel and Tracey L. Turnbull, Spoliation of Evidence: Sanctions and Remedies for

<u>Destruction of Evidence in Civil Litigation</u> 12 (Daniel F. Gourash ed., 2nd Ed. 2006).

In this case, the "Regulation to Establish the System of Evaluation and Motivation of Employees of the Autonomous Municipality of Guaynabo" (the "Regulation") controls the procedure for evaluating municipal employees and how to conserve said evaluations. (Docket No. 214-3). Regarding the formal evaluation forms, Article 9(h) of the "Regulation" dictates that "[t]he **<u>supervisor will keep a copy of the evaluation</u>**, **<u>hand over one to the employee</u>** and **<u>send the original to the Office of Human Resources Administration</u>** after the evaluation is conducted. (Docket No. 214-3 at 4). Thus, beyond the general duty to preserve evidence that a litigant in the Municipality's position has, the Municipality was **obligated by its own internal regulation** to conserve both the **original and a copy of every employee evaluation**. <u>Id</u>. Although the parties offer opposing views regarding how the evaluations in this case went missing, the Municipality had the regulatory duty to preserve said evaluations, independent of litigation.

Furthermore, this Court is of the view that the Municipality, in its capacity as an employer, is a sophisticated entity that should reasonably foresee a potential litigation when it notifies an employee of their deficient performance. This is particularly true in Puerto Rico where, by virtue of Act No. 80 of May 30, 1976,

employment is not at will and thus, employees may only be terminated for just cause. P.R. LAWS ANN. tit. 29, § 185a *et seq*. In this case, foreseeability was also heightened by the fact that Plaintiff Inés María Jelú-Iravedra is an attorney and her supervisor was the Director the Municipality's Legal Division. (Docket No. 251 at 5 and 78).

Given that the Municipality concedes that the performance evaluations were inadvertently lost or otherwise unavailable **despite** its duty to preserve them in light of (1) its own regulations requiring the Municipality to conserve employee evaluations, and (2) a reasonably foreseeable potential litigation, the Court must conclude that **spoliation occurred in this case**. (Docket Nos. 214-3 at 4 and 264 at 11).

### *iii. Sanctions for Spoliation in Light of Unfair Prejudice*

In accordance with its inherent power to manage proceedings, the Court has the discretion to sanction a party for spoliation. *See* Jimenez-Sanchez, 483 F.Supp.2d at 143. Therefore, "if the court finds that a party is accountable for the spoliation it may impose sanctions to avoid unfair prejudice to the opposing party." Ventura Corp., 2013 WL 550550, at *6 (quoting Velez*,* 590 F.Supp.2d at 258). In this context, "[p]rejudice will be measured by the degree in which [a party's] 'ability to mount an adequate defense' has been hampered". Id. (quoting Perez-Velasco v. Suzuki Motor Co., Ltd., 266 F. Supp. 2d 266, 269 (D.P.R. 2003)).

The ability to verify, discuss, confront and question the specific contents of a document is significantly hampered if said document is not produced for review. Thus, Plaintiff's ability to mount an adequate response to the Municipality's deficient performance defense has been impaired by the Municipality's failure to comply with its duty to preserve said evaluations. Moreover, Plaintiff argues that she has been deprived of the ability to adequately confront her supervisor, Quintero, regarding the evaluations during her deposition. (Docket No. 253 at 10). Without the written evaluations, a cross examination about what they contained or omitted would be conducted on a wing and a prayer. Admitting evidence of the performance evaluations that have not been preserved or produced would therefore constitute undue prejudice.

Sanctions for spoliation can "range from dismissal of the action, exclusion of evidence or testimony or instructing the jury on a negative inference to spoliation whereby jury may infer that party that destroyed evidence did so out of realization that it was unfavorable." Perez v. Hyundai Motor Co., 440 F. Supp. 2d 57, 61 (D.P.R. 2006); *see also* Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 28 (1st Cir. 1998) ("Under settled authority, the district court has inherent power to exclude evidence that has been improperly altered or damaged by a party."). When determining the appropriateness of sanctions, courts should consider the

gravity of the prejudice to the non-offending party and the degree of fault of the offending party. *See* Collazo-Santiago, 149 F.3d at 29 (1st Cir. 1998).

Although courts should consider a party's bad faith, or lack thereof, when deciding how to sanction spoliation, "bad faith is not essential." Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444, 447 (1st Cir. 1997). Under First Circuit caselaw, "bad faith or comparable bad motive" **is not required** "to support a district court's decision to exclude evidence as a sanction for spoliation." Ventura Corp., 2013 WL 550550, at *6 (quoting Trull v. Volkswagen of America, Inc., 187 F.3d 88, 95 (1st Cir. 1999)). Even when evidence is mishandled through carelessness, if the other side is prejudiced, "the district court is entitled to consider imposing sanctions, including exclusion of the evidence." Sacramona, 106 F.3d at 447.

While the Municipality does not directly address Plaintiff's spoliation claim in their *Opposition*, it urges the Court to consider that Plaintiff has not presented evidence that the evaluations were lost in bad faith. (Docket No. 264 at 11). However, once undue prejudice caused has been established, neither bad faith nor intent is required to impose sanctions for spoliation. *See* Trull v. Volkswagen of America, Inc., 187 F.3d 88, 95 (1st Cir. 1999). Mere carelessness or negligence can warrant

sanctions, particularly where as here, the responsible party had an explicit duty to preserve the evidence in controversy.

In her *Motion In Limine*, Plaintiff posits that the appropriate sanction in this case is the exclusion of evidence and related testimony but does not ask this Court to give an adverse inference instruction to the jury. (Docket No. 253 at 6 and 10). Specifically, Plaintiff requests that the performance evaluations that have not been preserved nor produced be excluded from evidence and that witnesses be barred from addressing or referencing said evaluations. Id. Excluding the seven (7) monthly performance evaluations as well as testimony regarding their specific contents is appropriate given that Plaintiff has not been able to review or confront this evidence. It is worth noting that another judge in this District found that excluding evidence and related testimony was proper in an analogous situation. *See* Colon v. Blades, 268 F.R.D. 129 (D.P.R. 2010) (finding that the appropriate spoliation sanction against a party for inability to produce lost documents was to preclude them from offering the documents, or any related testimony, as evidence).

**B. The Best Evidence Rule**

In addition to presenting her spoliation claim, Plaintiff argues that the best evidence rule, codified in Fed. R. Evid. 1001 – 1008, also precludes the Municipality from presenting testimony regarding the contents of the evaluations. (Docket No. 253 at 7-

8). The Best Evidence Rule dictates that "parties seeking to prove the content of a writing must introduce into evidence the original of that writing."[2] Gonzalez Morales v. Ashford Presbyterian Cmty. Hosp., Inc., 2019 WL 1923458, at *2 (D.P.R. 2019). Under this rule, litigants cannot use testimony to prove the contents of a document in lieu of introducing the original document into evidence. *See e.g.* Rodriguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 34 (1st Cir. 2011); ("Think of a will contest where the will is not in evidence and a witness tries to discuss the document's words from memory—that is the sort of situation that the rule was designed to address."); Conway v. Consol. Rail Corp., 720 F.2d 221, 224 (1st Cir. 1983); Burrell v. Hampshire County, 307 F.3d 1, 7 n. 4 (1st Cir. 2002).

As an exception to this rule, Fed. R. Evid. 1004(a) establishes that "other evidence of the content of a writing" is admissible if "**all the originals are lost** or destroyed, **and not by the proponent acting in bad faith**." (emphasis added). Thus, "secondary forms of evidence, such as witness testimony, **may be admitted to prove the content of a writing when the original has been lost or destroyed**" in bad faith. Gonzalez Morales, 2019 WL 1923458, at *2. (emphasis added). The Municipality asserts that it can present testimony to prove the content of Jelú's performance

---

[2] A duplicate of the writing is also admissible unless a "genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003.

evaluations because there is no evidence that it destroyed the evaluations or lost them in bad faith. (Docket No. 264 at 11). When an original document has been lost or destroyed, the **proponent** of secondary evidence (in this case the Municipality) has the burden of showing that "it carried out an unfruitful, diligent search for the original" and that the "demonstrated loss or destruction was not the product of its own bad faith." Id. at 2-3. The Municipality made no such showing in this case, and thus cannot avail itself of Fed. R. Evid. 1004(a).

### III. CONCLUSION

Plaintiff's job performance evaluations are undoubtedly relevant to both parties' claims and defenses. Given that these evaluations are currently lost or otherwise unavailable due to the Municipality's failure to comply with its own regulations and applicable case law, the Court necessarily found that spoliation of evidence had occurred. Due to the undue prejudice affecting Plaintiff's capacity to confront these evaluations and prepare an adequate defense, this spoliation of evidence warrants a sanction. After analyzing the severity of the prejudice and the circumstances of the case, this Court determines that the **exclusion** of Jelú's evaluations from May 16, 2015 to December 15, 2015 and any testimony regarding their contents is appropriate.

However, **this sanction is limited in scope**. As contended by the Municipality in their *Opposition*, **neither Quintero nor Jelú's**

**other supervisors are barred from testifying about her work performance while she served as a municipal employee.** (Docket No. 264 at 11). Witnesses in this case can still testify as to their personal knowledge regarding Plaintiff's job performance, as well as any employment decisions that were made because of it. The sanction simply prohibits them from bolstering their testimony by invoking documents that the Municipality lost despite having a duty to conserve them.

Pursuant to the spoliation sanction ordered herein by this Court, both the Municipality and Jelú are specifically **precluded from offering any evidence as to: (1) Plaintiff's monthly performance evaluations from May 16, 2015 through December 15, 2015, and/or (2) any testimony related to the <u>specific content</u> of these evaluations**. In accordance with the above, Plaintiff's *Motion In Limine* at Docket No. 253 is **GRANTED.**

**IT IS SO ORDERED**.

In San Juan Puerto Rico, this 10th day of October 2019.

S/ RAÚL M. ARIAS-MARXUACH<br>
United States District Judge