# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

INÉS MARÍA JELÚ-IRAVEDRA,

**Plaintiff,**

vs.

MUNICIPALITY OF GUAYNABO, et al.,

**Defendants.**

**CIVIL NO:** 16-1585 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court are Plaintiff Inés María Jelú-Iravedra's ("Jelú" or "Plaintiff") *Motion in Limine to Exclude Evidence of Previous Claim* (Docket No. 254), Plaintiff's *Motion in Limine to Exclude Evidence of Purported Romantic Relationship with the Former Chief of the Human Resources Office of The Municipality of Guaynabo* (Docket No. 255), and Plaintiff's *Motion in Limine to Exclude Evidence of Prior Sexual Behavior* (Docket No. 256). For reasons set forth below, the *Motion in Limine* at Docket No. 254 is **GRANTED** and the *Motion in Limine* at Docket No. 255 is **DENIED.** The Court will issue a limiting instruction stating that the jury can consider Eduardo Faria's testimony only to determine whether Jelú notified Faria of the sexual harassment and whether he failed to act. Lastly, the *Motion* at Docket No. 256 is **GRANTED.**

## I.   BACKGROUND

On March 31, 2016, Inés María Jelú-Iravedra ("Jelú" or "Plaintiff") filed a Complaint against her former employer, the Municipality of Guaynabo ("the Municipality" or "Defendant") for alleged sex-based discrimination, sexual harassment in the form of hostile work environment, retaliation, and vicarious tort liability. (Docket No. 1). Plaintiff also presented a claim for damages against the alleged harasser, co-defendant Héctor O'Neill-Rosa ("O'Neill-Rosa"). Id.

Pending before the Court are several *Motions in Limine* filed by Plaintiff. The *Motion in Limine* filed at Docket No. 254 seeks to exclude the use of a 2005 complaint filed by Jelú, Inés Jelú Iravedra v. Alicia Roe, et al., KDP2005-0499 (802). (Docket No. 254 at 2). In that complaint, Jelú made a tort claim against the Inter American University of Puerto Rico and one of its professors seeking compensatory damages based on inappropriate remarks and acts by her thesis director. Jelú contends this evidence is inadmissible pursuant to Fed. R. Evid. 403 (Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, Or Other Reasons), Fed. R. Evid. 404(b) (Character Evidence; Crimes or Other Acts) and Fed. R. Evid. 608(b) (A Witness's Character for Truthfulness or Untruthfulness). Id. at 2-4.

Likewise, the *Motion in Limine* filed at Docket No. 255 seeks to exclude any evidence related to Jelú's purported romantic

relationship with Eduardo Faria ("Faria"), Director of the Human
Resources Department at the Municipality at the time of the alleged
sexual harassment towards Jelú by O'Neill-Rosa. (Docket No. 255 at
1). Jelú avers that this evidence is inadmissible pursuant to Fed.
R. Evid. 401 (Test for Relevant Evidence), Fed. R. Evid. 402
(General Admissibility of Relevant Evidence), Fed. R. Evid. 412
(Sex-Offense Cases: The Victim's Sexual Behavior or
Predisposition) and Fed. R. Evid. 608 (A Witness's Character for
Truthfulness or Untruthfulness). Id. at 2-5.

Lastly, Jelú's *Motion in Limine* at Docket No. 256 seeks to
exclude evidence related to her past sexual behavior, including
giving birth to a child out of wedlock. (Docket No. 256 at 1).
Jelú seeks said exclusion under practically the same grounds as
the *Motion* at Docket No. 255.

## II.  STANDARD OF REVIEW

### A. Test for Relevance (Fed. R. Evid. 401)

The Federal Rules of Evidence state in Fed. R. Evid. 401 that,
"evidence must be relevant to be admissible." In re Fin. Oversight
& Mgmt. Bd. for Puerto Rico, 2019 WL 3565942, at *2 (D.P.R. 2019)
(internal quotation omitted). Moreover, Fed. R. Evid. 401 explains
that "[e]vidence is relevant if ... it has any tendency to make a
fact more or less probable than it would be without the evidence
[,] and [if] ... the fact is of consequence in determining the
action." The Federal Rules of Evidence, however, "set a very low

bar for relevance." <u>United States v. Pereira</u>, 312 F. Supp. 3d 262, 272 (D.P.R. 2018) (quotation omitted). Furthermore, relevant evidence "is that which may prove or disprove a party's liability theory." <u>American Helath Inc. v. Chevere</u>, 37 F. Supp. 3d 561, at 564 (D.P.R. 2014) (quoting <u>Velez v. Marriott PR Management, Inc.</u>, 590 F. Supp. 2d at 258); *see also*, <u>Vazquez-Corales v. Sea-Land Serv., Inc.</u>, 172 F.R.D. 10, 12 (D.P.R. 1997) ("It is plainly obvious that evidence with the potential to disprove a plaintiff's theory or to reveal a contributing cause of the damages for which the defendant is not responsible is relevant to the case.") Accordingly, for evidence to be relevant it "need only move the inquiry forward to some degree" on a fact of consequence. <u>Bielunas</u> v. <u>F/V Misty Dawn, Inc.</u>, 621 F.3d 72, 76 (1st Cir. 2010) (citation omitted).

### B. General Admissibility of Relevant Evidence (Fed. R. Evid. 402)

Rule 402 of the Federal Rules of Evidence provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court [of the United States]." Fed. R. Evid. 402. Furthermore, and intertwined with Fed. R. Evid. 401, Fed. R. Evid. 402 explicitly states that "irrelevant evidence is not admissible." Thus under Fed. R. Evid. 402, "the court will

generally admit evidence that makes a fact more or less probable than it would be otherwise." Scholz v. Goudreau, 901 F.3d 37, 50 (1st Cir. 2018).

### C. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, Or Other Reasons (Fed. R. Evid. 403)

Relevant evidence may be excluded under certain circumstances. Fed. R. Evid. 403 requires exclusion of evidence "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Moreover, the First Circuit has emphasized that Fed. R. Evid. 403 protects "against unfair prejudice, not against all prejudice." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008). Another judge in this District has noted that "[e]vidence is generally deemed unfairly prejudicial if it has an undue tendency to prompt a decision by the factfinder on an improper basis." Diaz-Casillas v. Doctors' Ctr. Hosp. San Juan, 342 F. Supp. 3d 218, 232 (D.P.R. 2018) (quoting United States v. Benedetti, 433 F.3d 111, 118 (1st Cir. 2005)). Thus, when the line between the probative value and unfair prejudice of certain evidence is close, "Rule 403 tilts the balance in favor of admission." United States v. Villa-Guillen, 2019 WL 3318411, at *4 (D.P.R. 2019).

### D. Character Evidence; Crimes or Other Acts (Fed. R. Evid. 404(b))

Federal Rule of Evidence 404(b)(1) prohibits the admission of prior bad acts to establish "a person's character in order to show that on a particular occasion the person acted in accordance with the character." United States v. Tkhilaishvili, 926 F.3d 1, 15 (1st Cir. 2019) (quoting Fed. R. Evid. 404(b)(1)). Fed. R. Evid. 404(b)(2) on the other hand permits admission of crimes, wrong or other acts for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011) (quoting Fed. R. Evid. 404(b)(2)). Further, to warrant exclusion of evidence under Fed. R. Evid. 404(b), the proponent invoking its protection must satisfy the following two-part test. Id.

First, the excluded evidence "must have 'special relevance' to an issue in the case such as intent or knowledge." United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000) (internal citations omitted). Moreover, a trial court must determine "whether the evidence […] is offered not to show a defendant's evil inclination but rather to establish some material fact." Tkhilaishvili, 926 F.3d at 15 (quoting Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364, 1373 (1st Cir. 1991)). Therefore, prior acts "are admissible […] to contradict specific

testimony […]. Evidence which tends to disprove a witness's testimony about a material issue in the case is relevant." United States v. Norton, 26 F.3d 240, 244 (1st Cir. 1994) (internal citations omitted).

Second, a trial court must keep in mind that when determining whether evidence is admissible under Fed. R. Evid. 404(b), the Court must also analyze the evidence under Fed. R. Evid. 403. Therefore, even evidence proffered pursuant to Fed. R. Evid. 404(b) "may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Id. (citing Varoudakis, 233 F.3d at 119). In this second step, the probative value analysis "must be considered in light of the remoteness in time of the other act and the degree of resemblance to the crime charged." United States v. Martinez-Mercado, 919 F.3d 91, 100–01 (1st Cir. 2019) (quoting United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996)). Moreover, "evidence of similar acts is relevant **only if** the jury can reasonably conclude that the act occurred, and that the defendant was the actor." United States v. Castro-Ward, 323 F. Supp. 3d 304, 307 (D.P.R. 2018) (quotation omitted).

This two-part test has also been applied to prior acts in civil cases. *See* Velazquez ex rel. J.A.V. v. UHS of Puerto Rico, Inc., 2015 WL 477198, at *1 n. 1 (D.P.R. 2015); *see also* S.E.C. v. Happ*,* 392 F.3d 12, 29–30 (1st Cir. 2004).

### E. Sex-Offense Cases: The Victim's Sexual Behavior or Predisposition (Fed. R. Evid. 412)

Parties cannot present any evidence that contravenes Fed. R. Evid. 412 which provides that "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "[e]vidence offered to prove any alleged victim's sexual predisposition" is inadmissible. Fed. R. Evid. 412(a)(1)-(2); *see also* United States v. Greaux-Gomez, 2019 WL 2173787, at *1 (D.P.R. 2019). This Rule "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details." Fed. R. Evid. 412 advisory committee's note to 1994 amendment. It also "prevent[s] [the] misuse of a complainant's sexual history in cases involving 'alleged sexual misconduct.'" Polo-Calderon v. Corporacion Puertorriqueña De Salud, 992 F. Supp. 2d 53, 54 (D.P.R. 2014).

Lastly, under Fed. R. Evid. 412, evidence of an alleged victim's past sexual behavior or reputation is only admissible if he or she "opens the door" by putting it in controversy. The First Circuit has explained that:

> In order for defendants to admit evidence to prove the alleged victim's sexual behavior or sexual predisposition, they must demonstrate that 'its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.' **Only if the alleged victim places his or her own reputation in controversy is that evidence admissible**. Polo-Calderon, 992 F. Supp. 2d at 54 (quoting Rodriguez-

Hernandez v. Miranda-Velez, 132 F.3d 848, 856 (1st Cir. 1998)(emphasis added).

### F. A Witness's Character for Truthfulness or Untruthfulness (Fed. R. Evid. 608)

The Federal Rules of Evidence provide that "even in a full-blown federal trial, 'extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.'" Haidak v. Univ. of Massachusetts-Amherst, 933 F.3d 56, 67 (1st Cir. 2019) (quoting Fed. R. Evid. 608(b)). "[T]his rule bars the use of extrinsic evidence for impeachment purposes if it relates only to a collateral matter." United States v. Cruz, 253 F. Supp. 3d 387, 405-06 (D.P.R. 2017). Thus, drawing a distinction between material facts and collateral issues is crucial. A matter is "collateral if evidence relating to it could only have been introduced for the purpose of impeachment." United States v. Sabean, 885 F.3d 27, 39 (1st Cir. 2018) (citation omitted). An issue is also collateral if "[it] is not relevant to the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony." Cruz, 253 F. Supp. 3d 387 at 406 (quotation omitted).

Lastly, Rule 608(b) does not bar introducing **on cross-examination** evidence of specific instances of conduct proffered for impeachment purposes. See e.g., United States v. Delgado-Marrero, 744 F.3d 167, 179 (1st Cir. 2014) ("Rule 608(b) was thus

amended to do away with the mistaken notion that its reach extended to extrinsic evidence offered for general impeachment purposes, such as, for example, contradictions, prior inconsistent statements, bias, or mental capacity."). But even then, Fed. R. Civ. Evid. 403 might counsel excluding such evidence depending on the circumstances.

### III. ANALYSIS

#### A. Plaintiff's Motion in Limine to Exclude Evidence of Previous Claim (Docket No. 254)

In her *Motion in Limine* at Docket No. 254, Jelú posits that Defendants want the Court to take judicial notice of <u>Inés Jelú-Iravedra v. Alicia Roe</u>, KDP2005-0499(802), a case in which Plaintiff accused the professor who was her thesis director of sexual harassment after accusing the same of plagiarism. Jelú contends that Defendants intend to offer this evidence to show Plaintiff's allegedly litigious character in violation of Fed. R. Evid. 404(b). (Docket No. 254 at 2-3). Jelú also argues that any probative value evidence that the lawsuit could have is substantially outweighed by the danger of unfair prejudice to her as it can mislead the jury, cause undue delay and waste the Parties' time. <u>Id.</u> at 3. Moreover, she avers that evidence related to the lawsuit should also be excluded under Fed. R. Evid. 403. Finally, Jelú invokes Fed. R. Evid. 608(b) which states that "[e]xcept for a criminal conviction under Rule 609, extrinsic

evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Id. Since the prior lawsuit is not a criminal one, Jelú states it should be excluded as it only attacks her character for truthfulness. Id.

O'Neill-Rosa subsequently filed an *Omnibus Response in Opposition to Plaintiff's Motions in Limine of April 22, 2019*. (Docket No. 263). He avers that he does not question the veracity of the facts of the prior lawsuit nor is the proffered evidence intended to show Jelú's purported litigiousness. Id. at 8. Instead, he argues that it is meant to show that Jelú knew that she needed to file a complaint to defend her rights and since the prior lawsuit is a single, isolated one, it has a high probative value. Id. at 9-10. O'Neill-Rosa also argues that Jelú's failure to file a complaint "makes it substantially less probable that these [unwanted sexual advances] […] occurred." Id. at 7. Lastly, he contends that a jury instruction could offset any potential prejudice. Id. at 12.

For its part, the Municipality filed an *Omnibus Response in Opposition to Plaintiff's Motions in Limine at Docket No. 252-256*. (Docket No. 264). In the same vein as O'Neill-Rosa, the Municipality posits that evidence of the prior lawsuit was not meant to prove Jelú's litigiousness or dishonest behavior. Id. at 12. Instead, it was being proffered to show that Jelú "was familiar

with the process of filing a claim of sexual harassment, [as she] took affirmative steps to stop her thesis professor's conduct by filing a lawsuit." <u>Id.</u> The Municipality contends that Jelú "failed to avail herself of procedures available and known to her to end the purported harassment, and [opted] […] to endure the harassment from July 2012 to July 2015 until filing a written complaint." <u>Id.</u> at 12-13. This allegedly makes the prior lawsuit relevant.

All told, Defendants contend that since Jelú filed a sexual harassment lawsuit ten years prior to filing the case at bar, she knew how to file a sexual harassment lawsuit. Thus, her delay in filing the complaint in this case allegedly makes the harassment less probable.

The Court agrees with Defendants that Rule 404(b)(1) is not applicable on its face. Here, rather than proving conformity between Plaintiff's allegedly prompt filing of a complaint in the prior lawsuit, Defendants are trying to prove lack of conformity. In other words, they want to show that unlike in her previous lawsuit, Jelú did not promptly file a complaint when faced with the harassment that allegedly took place in this case.

The fact that Plaintiff knew how to file a sexual harassment lawsuit may very well be relevant in the present case. Thus, evidence of the prior lawsuit *could* be a permissible use of evidence of prior acts under Rule 404(b)(2) as it is being used to prove "knowledge." *See* <u>U.S. v. Gilbert</u>, 668 F.2d 94, 97 (2d Cir.

1981) (securities fraud case where the Second Circuit determined that evidence that defendant had signed an S.E.C. civil consent decree was relevant to show defendant knew of reporting requirements); U.S. v. Cook, 592 F.2d 877 (5th Cir. 1979) (defendant's work on prior securities fraud scheme relevant to show he knew how to do a similar scheme).[1] Nevertheless, and as set forth below, the Court understands that the prior lawsuit's remoteness, and the fact that it was settled outside of Court, causes its probative value to be outweighed by the danger of undue prejudice it may cause Jelú. The remoteness also increases the potential for confusion of the issues and for misleading the jury. **Thus, evidence of the prior lawsuit is excluded under Fed. R. Evid. 403 and 404(b).[2]**

Given that the prior lawsuit was settled between the parties, it is more difficult for the Court to determine whether the factual scenario of that lawsuit was similar to one alleged in the present case. Thus, the relevancy of the prior act diminishes

---

[1] Likewise, evidence tending to show that Jelú took too long to file a lawsuit in this case is relevant as well. But ultimately such evidence must be joined by proof that "a reasonable person in [plaintiff's] position would have come forward early enough to prevent […] harassment from becoming 'severe or pervasive.'" Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999). Defendants have failed to provide such proof. Furthermore, this District has stated that "there is no bright-line rule as to when a failure to file a complaint becomes unreasonable[,] more than ordinary fear or embarrassment is needed." Perez-Reyes v. Walgreens of San Patricio, 2010 WL 11679336, at *8 (D.P.R. 2010) (quotation omitted).

[2] As the Court is excluding the evidence of a prior lawsuit under these Rules, the Court need not address Jelú's arguments that the evidence should also be excluded pursuant to Fed. R. Evid. 608.

significantly. The analysis of whether a previous act is similar to the one being contested is crucial when determining whether to admit evidence of prior acts under Fed. R. Evid. 404(b). *See* Castro-Ward, 323 F. Supp. 3d at 307; *see also* United States v. Rodriguez, 215 F.3d 110, 120-21 (1st Cir. 2000) (holding that evidence of defendant's prior similar drug crimes from 15 years earlier was not barred by remoteness because of similarity between the charged acts and the prior acts). Consequently, allowing evidence of the prior lawsuit under these circumstances would cause undue prejudice to Plaintiff.

The First Circuit's ruling in Kinan v. City of Brockton regarding the relevancy of prior settled lawsuits in a case concerning violations of arrestees' rights is instructive. In Kinan, the First Circuit upheld the district court's exclusion of evidence of prior lawsuits that were proffered to prove custom or practice. Kinan v. City of Brockton, 876 F.2d 1029, 1035 (1st Cir. 1989). The First Circuit stated that:

> [I]ntroducing evidence of the two other cases would inevitably result in trying those cases, or at least portions of them, before the jury. The merits of the two other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time. And […] it is obvious that both [cases] were settled prior to verdict. The cases were decided on the basis of negotiations, not findings of fact. […] [They] […] cannot be used to prove custom or practice. […] [W]hatever remote relevancy the cases had […] was outweighed by the potential for prejudice." Id. at 1034-35 (citing Fed. R. Evid. 403).

Here, any residual probative value left despite the prior
lawsuit's settlement is further diminished by its temporal
remoteness. While the "remoteness" inquiry under Fed. R. Evid.
404(b) is performed on a case-by-case basis, First Circuit case
law holds that it can affect the probative value of a prior act.
For example, in United States v. Ford, the First Circuit stated
that the remoteness of a prior crime weighed against "the probative
value of the prior growing operation […] as the Massachusetts bust
occurred **nine years** before the search in Maine. […] [T]he risk is
that the jury […] infer[ed] criminal propensity. […] [It is]
especially pronounced where […] the prior conduct is identical to
the charged crime." United States v. Ford, 839 F.3d 94, 110 (1st
Cir. 2016) (emphasis added).

In his *Opposition* to Jelú's *Motion in Limine* at Docket No.
254, O'Neill-Rosa mentions other evidence that Jelú knew how to
file a sexual harassment complaint: her profession of attorney and
her work as the Assistant Advocate for Legal Affairs of the Women's
Advocate Office of the Commonwealth of Puerto Rico before becoming
an attorney for the Municipality. (Docket No. 263 at 10). Thus,
Defendants have other ways to prove that Jelú knew how to file a
claim and admitting evidence of the prior lawsuit for this purpose
would also be cumulative, which is prohibited under Fed. R. Evid.
403, and therefore inadmissible. Pursuant to First Circuit case

law, the availability of other evidence of "knowledge" compounds
the Court's doubts regarding the probative value of evidence of
Jelú's prior lawsuit:

> Under Rule 403, […] that risk of an improper criminal
> propensity inference should be considered in light of
> the totality of the circumstances, including the
> government's [here, Defendants'] need for the evidence
> given other available testimony, to prove the issue
> identified pursuant to the 404(b) special relevance
> analysis. […] **Doubts about the probative value of prior
> bad acts evidence are thus "compounded" when prosecutors
> [here, Defendants] have other evidence available,
> "rendering negligible their need to show intent by the
> prior bad acts."** *Lynn,* 856 F.2d at 436; *see also* Wright
> & Graham, *supra,* § 5250 ("The probative value of any
> particular bit of evidence is obviously affected by the
> scarcity or abundance of other evidence on the same
> point.") Varoudakis, 233 F.3d at 122.

Lastly, a leading treatise on Evidence stated that "the risk
of confusion in admitting legal materials as evidence is high. […]
Courts are also reluctant to cloud issues in the case at trial by
admitting evidence relating to previous litigation involving one
or both of the same parties." 2 MARK S. BRODIN ET AL., WEINSTEIN'S
FEDERAL EVIDENCE §403.05[3][a] (2d ed. 2019). This Court is no
exception. Hence, after reviewing the Parties' motions and the
relevant rules and case law, the Court **GRANTS** Plaintiff's *Motion
at Docket No. 254.*

Having excluded any evidence related to Jelú's prior lawsuit,
the Court adds a warning: if Plaintiff opens the door during trial
and mentions the lawsuit, Defendants may refer to it. *See e.g.,*
Nelson v. City of Chicago, 810 F.3d 1061, 1070–71 (7th Cir. 2016)

("Nelson's motion in limine sought to exclude any reference to his other lawsuits. The judge granted the motion in part, barring evidence […] unless Nelson opened the door to their use as impeachment evidence.")

### B. Plaintiff's Motion in Limine to Exclude Evidence of her Purported Romantic Relationship with the Former Chief of the Human Resources Office of the Municipality of Guaynabo (Docket No. 255)

In her *Motion in Limine* at Docket No. 255, Plaintiff states that Defendants intend to offer evidence of Plaintiff's purported past sexual behavior with Eduardo Faria, a married man and who was Chief of the Municipal Human Resources Office at the Municipality during the relevant time when the alleged sexual harassment of Plaintiff occurred. She argues that evidence concerning this behavior is irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 402 given that it does not make O'Neill-Rosa's sexual harassment of her more or less probable. (Docket No. 255 at 2). She also invokes Fed. R. Evid. 412(a), which provides that evidence offered to prove other sexual behavior of a victim tends to be inadmissible. (Docket No. 255 at 2-3). Moreover, to be admissible, the probative value of evidence regarding sexual behavior must substantially outweigh the harm it may cause the victim. Lastly, she indirectly invokes Fed. R. Evid. 608 by stating that evidence of the relationship is being brought for impeachment purposes and that Fed. R. Evid. 608 only allows matters that are

material to the case at hand, and not those that are collateral, such as her relationship with Faria. Id. at 5-6.

O'Neill-Rosa subsequently filed an *Omnibus Response in Opposition to Plaintiff's Motions in Limine of April 22, 2019*. (Docket No. 263). He states that the evidence of the purported relationship is relevant because considering Faria and Jelú's relationship, it is unlikely that Plaintiff would not have notified Faria of the harassment or that Faria would not have noticed Plaintiff's emotional distress arising from the harassment. Id. at 4. O'Neill-Rosa also contends that he "proceeded to retreat from pursing the consensual relationship" that had allegedly existed between him and Plaintiff when she began her relationship with Faria. (Docket No. 263 at 4 n.4). Likewise, he states that Fed. R. Evid. 412 does not exclude a "sentimental relationship" because it is not a "sexual behavior" or "sexual predisposition." Id. at 8.

The Municipality also filed an *Omnibus Response in Opposition to Plaintiff's Motions in Limine at Docket Nos. 252-256* (Docket No. 264). Therein, it stated that the evidence is relevant because it is related to Plaintiff and Faria's testimony regarding the Municipality's liability in the case at bar. Id. at 13. The Municipality argues that evidence of their relationship may be used to gauge Plaintiff's credibility regarding her claims that Faria was verbally notified by Plaintiff of the sexual harassment by O'Neill-Rosa, that he failed to act upon her complaint, and

that he dissuaded her from filing a written complaint against
O'Neill-Rosa. Id. at 14. Likewise, the Municipality also contends
that evidence of their relationship is not meant to question
Plaintiff's character or sexual predisposition. Id. at 15. As such,
the Municipality asserts that the Jury can be instructed to
consider the relationship between Plaintiff and Faria solely to
gauge Jelú's credibility. Id.

The Court agrees with Defendants. First, the Court need not
determine whether excluding evidence of the relationship is
warranted under Fed. R. Evid. 412. Jelú's sentimental relationship
with Faría falls outside the scope of "sexual behavior" and "sexual
history" which Fed. R. Evid. 412 seeks to prevent the "misuse of".
(Docket No. 263 at 4-7 and Docket No. 264 at 15). Further,
Plaintiff stated in her *Motion in Limine* that she did not sustain
either an intimate, romantic or sexual relationship with Faria.
(Docket No. 255 at 5-6). Moreover, while Jelú contends that she is
a "victim" under Fed. R. Evid. 412(d), she nonetheless contends
that they did not maintain a sexual relationship, therefore she
cannot seek to exclude evidence of said relationship as it is
beyond the reach of Fed. R. Evid. 412.

Defendant O'Neill-Rosa cites several state-court cases
wherein the courts determined that, pursuant to rules analogous to
Fed. R. Evid. 412, evidence of a sentimental relationship, when
there was no inquiry into the sexual nature of the same, was

admissible. (Docket No. 263 at 5). Likewise, the Court found that
other district courts have allowed limited discovery in sexual
harassment cases wherein defendants could inquire into plaintiff's
"dating history" with coworkers, without questioning the sexual
nature of the relationships, and said inquiry did not violate the
policy concerns of Fed. R. Evid. 412. *See e.g.*, United States v.
Bd. of Cty. Comm'rs of the Cty. of Dona Ana, New Mexico, 2010 WL
1141362, at *6 (D.N.M. 2010); *see also* Gordon v. Nexstar Broad.,
Inc., 2018 WL 5920781, at *6 (E.D. Cal. 2018). The First Circuit
also determined in Rodriguez-Hernandez v. Miranda-Velez, that the
district court did not err in ruling that evidence regarding
plaintiff's moral character and her boyfriend's
marital status were inadmissible under Fed. R. Evid. 412, but
evidence of her supposed flirtatious behavior in the workplace was
admissible to prove that her manager's advances were not
"unwarranted". *See* Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d
848, 856 (1st Cir. 1998).[3]

What remains is for the Court to determine if evidence of
their purported relationship is admissible under Fed. R. Evid.
401, 402 and 608. O'Neill-Rosa, for example, proffers to the Court

---

[3] District Courts have also stated that even when evidence is deemed inadmissible
under Fed. R. Evid. 412, if its probative value outweighs the prejudice it may
cause, it can be admissible. *See e.g.*, Spina v. Forest Pres. of Cook Cty., 2001
WL 1491524, at *8 (N.D. Ill. 2001) (citing Fed. R. Evid. 412(b)(2))
("Rule 412 recognizes that, even when evidence falls within the scope of
inadmissible evidence under this Rule, an exception to this exclusion is
appropriate in civil cases when the probative value of the evidence outweighs
its harm to a victim, or when the victim places the issue in controversy.")

that Jelú's sentimental relationship with Faria makes it unlikely
that she would have never told him about the alleged harassment or
that Faria would not have noticed her emotional distress due to
the harassment. O'Neill-Rosa thus contends that this makes the
case seem "fabricated and false." (Docket No. 263 at 4).

Whether Jelú notified the Municipality of the alleged sexual
harassment is a material issue in the case at bar. Mr. Faria's
testimony regarding his relationship with Jelú is crucial since it
pertains to whether there was a hostile workplace and whether the
Municipality was on notice about O'Neill-Rosa's conduct. Regarding
knowledge of a hostile work environment, the First Circuit has
stated that "a finding that the harassment was so severe or
pervasive as to alter the terms and conditions of the plaintiff's
employment is not by itself enough to make the employer liable."
Roy v. Correct Care Sols., LLC, 914 F.3d 52, 68 (1st Cir. 2019).
Therefore, "[l]iability for a discriminatory environment created
by a non-employee 'depends on whether the employer
knew or should have known of the hostile work environment and took
reasonable measures to try to abate it.'" Id. (quoting Gardner v.
CLC of Pascagoula, LLC, 894 F.3d 654, 663 (5th Cir. 2018)). Thus,
evidence of Faria and Jelú's relationship is not being presented
for an improper purpose. The evidence is relevant and admissible
under Fed. R. Evid. 401 and 402. Primarily because, as the
Municipality posits, there is a dispute regarding whether Jelú

notified Faria of the ongoing sexual harassment during the relevant time. (Docket No. 264 at 13-14).

Jelú testified that she notified Faria of O'Neill-Rosa's harassment in the summer of 2014. (Docket No. 197-3 at 102, 237). Whereas Faria claims that Jelú did not notify him. (Docket No. 156-7 at 7-9). Hence an inquiry into whether she notified the Municipality through Faria is relevant since it would "move the inquiry [of the Municipality and O'Neill-Rosa's liability] forward to some degree." Bielunas, 621 F.3d at 76. Thus, it complies with Fed. R. Evid. 401's standard for relevancy. Moreover, the First Circuit has held that in Title VII cases, "evidence of widespread knowledge among employees can be probative of an employer's notice and, therefore, was properly admitted for this purpose." Franchina v. City of Providence, 881 F.3d 32, 51 (1st Cir. 2018); *see also* Crowley v. L.L. Bean, Inc., 303 F.3d 387, 402-039 (1st Cir. 2002) (holding that evidence that managers, team leaders, and superiors were aware of harassment evidenced that the employer knew or should have known). Similarly, this District has held that "[i]n employment cases, evidence introduced to show […] **hostile work environment, or an employer's knowledge of and failure to rectify the harassment is not considered impermissible character evidence because it is not offered to prove that the sexual harassment occurred.**" Zayas-Nunez v. Selectos Campo Rico, Inc., 2016 WL 1047360, at *3-4 (D.P.R. 2016).

Evidence of their relationship would likewise be relevant as it would address a "fact of consequence", that is whether the Municipality knew of the harassment. Fed. R. Evid. 401. Hence, it is also admissible pursuant to Fed. R. Evid. 402 and Fed. R. Evid. 608. Most notably, it is admissible pursuant to Fed. Evid. 608 as the relationship is being brought as "evidence offered for general impeachment purposes." United States v. Rivera-Fuentes, 997 F. Supp. 2d 140, 141 (D.P.R. 2014) (quotation omitted); *see also*, United States v. Delgado-Marrero, 744 F.3d 167, 179 (1st Cir. 2014); United States v. Skelton*,* 514 F.3d 433, 441–42 (5th Cir. 2008) (holding not to apply Rule 608(b) after admitting evidence used to contradict a witness's testimony as to a material issue); United States v. Magallanez*,* 408 F.3d 672, 680–81 (10th Cir. 2005) (holding Rule 608(b) inapplicable because "the evidence was introduced not to 'attack' the witness's 'character'" but to prove that a previous statement during direct examination was false.)

Lastly, the Court agrees with Defendants that any worry of potential undue prejudice stemming from evidence related to Faria and Jelú's relationship can be allayed with a limiting instruction to the jury. This instruction could state that Faria's testimony is only meant to help the jury determine whether Jelú notified Faria or not of the sexual harassment and whether he failed to act. (Docket No. 263 at 9 and Docket No. 264 at 15).

For the reason stated herein, Plaintiff's *Motion in Limine* at Docket No. 255 is **DENIED**.

### C. **Plaintiff's Motion in Limine to Exclude Evidence of Prior Sexual Behavior (Docket No. 256**)

Plaintiff filed a *Motion in Limine* requesting the exclusion of evidence regarding her past sexual behavior and the fact that she conceived a child outside of marriage. (Docket No. 256 at 1). Jelú contends that O'Neill-Rosa intends to show at trial that Jelú has been a single mother since the birth of her eleven-year-old child. Id. at 2. In general terms, Jelú avers that said evidence is objectionable and inadmissible pursuant to Fed. R. Evid. 401, Fed. R. Evid. 402 and Fed. R. Evid. 412. (Docket No. 256 at 1).

Defendant O'Neill-Rosa does not object to the *Motion in Limine*. (Docket No. 263 at 4 n. 1). The Municipality also does not object to precluding the evidence related to Plaintiff's child conceived out of wedlock. (Docket No. 264 at 15). However, the Municipality does request that Jelú not be allowed to mention her child in connection with her request for damages. Id. at 15. Regarding this last matter, the Municipality cited no case law, and the Court could not identify any, which supports said request. *See* Local Civil Rule 7(a). As such, the Court will not rule on this issue. As neither party objects to Plaintiff's *Motion in Limine* at Docket No. 256, it is **GRANTED**.

## IV.  CONCLUSION

Trial courts have "considerable latitude in determining whether to admit or exclude evidence." <u>Santos v. Sunrise Medical</u>, 351 F.3d 587, 592 (1st Cir. 2003) (internal citations omitted). For the reasons stated above, Plaintiff's *Motion in Limine to Exclude Evidence of Previous Claim* at Docket No. 254 is **GRANTED.** Further, Plaintiffs' *Motion in Limine to Exclude Evidence of Her Purported Romantic Relationship with the Former Chief of the Human Resources Office of the Municipality of Guaynabo* at Docket No. 255 is **DENIED**. The Court will issue a limiting instruction stating that the jury will only be able to use Eduardo Faria's testimony to determine whether Jelú notified Faria of the sexual harassment and whether he failed to act. Lastly, Plaintiff's *Motion in Limine to Exclude Evidence of Prior Sexual Behavior* at Docket No. 256 is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 10th day of October 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge