IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INÉS MARÍA JELÚ-IRAVEDRA,<br><br>**Plaintiff**,<br><br>vs.<br><br>MUNICIPALITY OF GUAYNABO, et al.,<br><br>**Defendants**. | **CIVIL NO**: 16-1585 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiff Inés María Jelú-Iravedra's *Motion in Limine to Admit Evidence of Prior Complaints and Incidents of Sexual Harassment and Retaliations* ("*Motion in Limine*") (Docket No. 262). The Municipality of Guaynabo in turn filed a *Response in Opposition to "Plaintiff's Motion in Limine to Admit Evidence of Prior Complaints and Incidents of Sexual Harassment and Retaliation"* ("Opposition") (Docket No. 267). For reasons below, the *Motion in Limine* at Docket No. 262 is **DENIED in part** and **HELD IN ABEYANCE in part**.

I. **BACKGROUND**

On March 31, 2016, Inés María Jelú-Iravedra ("Jelú" or "Plaintiff") filed a Complaint against her former employer, the Municipality of Guaynabo ("the Municipality" of "Defendant") for

alleged sex-based discrimination, sexual harassment in the form of hostile work environment, retaliation, and vicarious tort liability. (Docket No. 1). Plaintiff also presented a claim for damages against the alleged harasser, co-defendant Héctor O'Neill-Rosa ("O'Neill-Rosa"). Id. This last claim however was voluntarily dismissed by Plaintiff and a partial judgment was entered at the Docket. (Docket Nos. 299 and 302, respectively).

Currently pending before the Court is Plaintiff's *Motion in Limine to Admit Evidence of Prior Complaints and Incidents of Sexual Harassment and Retaliation* (Docket No. 262). In this *Motion*, Plaintiff requests the Court allow the admission of prior complaints and incidents of sexual harassment which occurred in the Municipality to support her hostile work environment claim. (Docket No. 262 at 16). Specifically, Jelú seeks to present evidence regarding (A) Yenetamine Diaz-Zayas ("Diaz-Zayas") and Mayra Vázquez-Santiago's ("Vazquez-Santiago") sexual harassment complaints filed with the EEOC, in 2016 and 2012, respectively, against former Mayor Héctor O'Neill-Garcia and the Municipality; (B) Lilliam Roig's ("Roig") internal complaint from 2003 against Héctor Russe-Martinez, former Chief of the Municipality's Legal Division, as well as her retaliation charge filed in 2009 with the EEOC; (C) Hecmalis Garcia's ("Garcia") verbal sexual harassment complaint against Héctor Hoyos, the Director of the Municipality's Legal Division and as Jelú's supervisor; and (D) Terilyn Sastre's

("Sastre") verbal complaint against O'Neill-Rosa. (Docket No. 262 at 3-5).

In its *Opposition,* Defendant avers that the evidence would be highly prejudicial, did not form part of Plaintiff's initial allegations of hostile work environment included in her *Complaint* and that the claims have zero probative value. (Docket No. 267 at 5-6).[1] It contends that four of the five claims and alleged incidents involve Héctor O'Neill-García ("O'Neill-Garcia") or Héctor Hoyos ("Hoyos"), and not O'Neill-Rosa *per se*. Id. at 6. Lastly, the Municipality claims that most of the claims are too remote to be relevant to Jelú's hostile work environment claim. Id. at 7.

## II. APPLICABLE LAW

**A. The Admissibility of Relevant Evidence**

Fed. R. Evid. 401 establishes that, "evidence must be relevant to be admissible." In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 2019 WL 3565942, at *2 (D.P.R. 2019) (internal quotation omitted). Likewise, Fed. R. Evid. 402 explicitly states that "irrelevant evidence is not admissible." Pursuant to Fed. R. Evid. 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence"

---

[1] Although Defendant correctly indicates that the third-party harassment claims were not mentioned in the *Complaint*, the Court notes that said claims and testimonies were included in Plaintiff's factual theory in the Pretrial Memorandum at Docket No. 251. However, Defendant failed to object in the Pretrial Memorandum.

and if the fact in question "is of consequence in determining the action." Accordingly, for evidence to be relevant it "need only move the inquiry forward to some degree" on a fact of consequence. Bielunas v. F/V Misty Dawn, Inc., 621 F.3d 72, 76 (1st Cir. 2010) (citation omitted). Said test constitutes "a very low bar for relevance." United States v. Pereira, 312 F. Supp. 3d 262, 272 (D.P.R. 2018) (quotation omitted).

This District has expounded that relevant evidence "is that which may prove or disprove a party's liability theory." American Helath Inc. v. Chevere, 37 F. Supp. 3d 561, at 564 (D.P.R. 2014) (quoting Velez v. Marriott PR Management, Inc., 590 F. Supp. 2d at 258)). Thus, "[i]t is plainly obvious that evidence with the potential to disprove a plaintiff's theory or to reveal a contributing cause of the damages for which the defendant is not responsible is relevant to the case." Vazquez-Corales v. Sea-Land Serv., Inc., 172 F.R.D. 10, 12 (D.P.R. 1997).

### B. When Should Relevant Evidence Be Excluded

The Federal Rules of Evidence codify various instances in which relevant evidence should be excluded. Fed. R. Evid. 402 dictates that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court [of the United States]."

On the other hand, Fed. R. Evid. 403 requires exclusion of evidence "if its probative value is substantially outweighed by a danger of […] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The First Circuit has emphasized that this rule protects "against **unfair** prejudice, not against all prejudice." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008) (emphasis added).

Another judge in this District has noted that "[e]vidence is generally deemed unfairly prejudicial if it has an undue tendency to prompt a decision by the factfinder on an improper basis." Diaz-Casillas v. Doctors' Ctr. Hosp. San Juan, 342 F. Supp. 3d 218, 232 (D.P.R. 2018) (quoting United States v. Benedetti, 433 F.3d 111, 118 (1st Cir. 2005)). Thus, when the line between the probative value and unfair prejudice of certain evidence is close, "Rule 403 tilts the balance in favor of admission." United States v. Villa-Guillen, 2019 WL 3318411, at *4 (D.P.R. 2019).

### C. Relevant Evidence for Establishing a Discriminatory and Hostile Work Environment

Given the "often subtle and pervasive" nature of work-place discrimination, the First Circuit has determined that "evidence of a discriminatory 'atmosphere' may sometimes be relevant to showing the [employer's] state-of-mind." Cummings v. Standard Register Co., 265 F.3d 56, 63 (1st Cir. 2001) (citing Conway v. Electro

Switch Corp., 825 F.2d 593, 597 (1st Cir.1987)). Although this evidence on its own cannot prove a discrimination claim, it does add "color" to the influences behind an employer's actions. *See* Conway, 825 F.2d at 597 (citing Sweeney v. Bd. of Trs. of Keene State Coll., 604 F.2d 106, 113 (1st Cir.1979)). The First Circuit has explicitly extended this reasoning to hostile work environment claims. *See* Hernandez-Loring v. Universidad Metropolitana, 233 F.3d 49, 56 n.4 (1st Cir. 2000)("Evidence of the harassment of third parties can help to prove a legally cognizable claim of a hostile environment."); *Billings v. Town of Grafton*, 515 F.3d 39 (1st Cir. 2008) (holding that plaintiff could present as evidence that other women were offended by the alleged harasser's conduct of staring at their breasts to reinforce plaintiff's hostile work environment claim).

To this end, evidence of an employer's discriminatory state-of-mind or atmosphere "is not rendered irrelevant by its failure to **coincide precisely** with the particular actors or timeframe involved in the specific claim that generated a claim of discriminatory treatment." Cummings, 265 F.3d, 63 (emphasis added). Despite this determination, the First Circuit emphasized that "decisions to admit or exclude such evidence always demand careful balancing." Id. at 64. Furthermore, in Cummings the First Circuit concluded that the district court did not abuse its discretion in admitting this kind of testimony *because* the court

carefully weighed the probative value of all the proffered testimony vis-à-vis its potential prejudicial effects and excluded other testimony for being "too remote in time". Id.

### III. ANALYSIS

**A. The Settled EEOC Claims Presented by Diaz-Zayas and Vazquez-Santiago are Inadmissible**

First, Plaintiff requests to introduce as evidence the EEOC claims presented by Diaz-Zayas and Vazquez-Santiago against O'Neill-Garcia. Although the First Circuit has not held that EEOC charges are automatically considered hearsay, it has recognized that courts are generally reluctant to use EEOC charges as evidence because they fear that these documents are "inherently unreliable." E.E.O.C v. LHC Group, Inc., 773 D.3d 688, 701 (1st Cir. 2014). Therefore, the First Circuit has determined that "[t]he better approach is to permit the district court to determine, on a case by case basis, what, if any, EEOC investigator materials should be admitted at trial." Smith v. Massachusetts Inst. of Tech., 877 F.2d 1106, 1113 (1st Cir. 1989) (quoting Tulloss v. Near N. Montessori Sch., 776 F.2d 150, 154 (7th Cir.1985)).

In the present case, the Court must consider that both proffered EEOC claims "ended in separate confidential settlement agreements entered by O'Neill-Garcia, in his personal capacity, and the victims." (Docket No. 262 at 4). In Kinan v. City of Brockton, the First Circuit upheld the exclusion of prior settled

lawsuits because the "cases were decided on the basis of negotiations, not findings of fact." Kinan v. City of Brockton, 876 F.2d 1029, 1034 (1st Cir. 1989). Thus, "whatever remote relevancy the cases had […] was outweighed by the potential prejudice." Id. at 1034-1035 (citing Fed. R. Evid. 403).

Here, a similar situation occurs as the two EEOC charges in question were settled before a verdict was reached for reasons which the Court is not privy to. Hence, the Court **DENIES** Plaintiff's request to admit into evidence Diaz-Zayas and Vazquez-Santiago's EEOC charges.

**B. Roig's Complaints are Inadmissible for Remoteness**

Second, Plaintiff seeks to admit into evidence Roig's internal complaint from 2003 against Héctor Russe-Martinez, the former Chief of the Municipality's Legal Division, as well as Roig's retaliation charge filed in 2009 with the EEOC. (Docket No. 262 at 3-5). Although Roig's EEOC charge was not settled, Plaintiff did not provide a copy of Roig's EEOC charge, failed to describe the alleged nature of the relation and did not adequately explain the connection between said charge and Roig's internal complaint six (6) years before filing her own EEOC. Thus, the Court cannot analyze its relevance, similarity to Jelú's claims or potential for prejudice. See Capasso v. Collier Cty., 2014 WL 12607856, at *4 (M.D. Fla. 2014) (holding that evidence of other employees'

EEOC charges should only be admitted when they are analogous to plaintiff's claims).

However, even if Roig's EEOC charge were like Jelú's, any residual probative value is further diminished by its temporal remoteness. As discussed above, while evidence of a discriminatory workplace "atmosphere" does not need to "coincide precisely" with plaintiff's version of events, evidence of this nature can be rendered irrelevant by being too remote. Cummings, 265 F.3d at 63.

Here, Roig made her internal complaint in 2003-2004, over **nine (9) years before Jelú started working for the Municipality**. (Docket No. 267 at 6). Moreover, pursuant to this Court's questioning during the final Pre-Trial Conference held on October 16, 2019, Plaintiff's counsel affirmed that Jelú did not work with Héctor Russe-Martinez, the subject of Roig's complaint, while she was employed by the Municipality. Thus, Roig's charge is too remote to be used as evidence to prove Jelú's allegations of hostile work environment. Hence, the Court **DENIES** Plaintiff's request to admit as evidence Roig's internal complaint and EEOC charge.

### C. Garcia's Internal Complaint is Potentially Relevant

Third, Plaintiff requests that Garcia's verbal sexual harassment complaint against Héctor Hoyos be admitted into evidence. Given that Hoyos was Jelú's supervisor, evidence as to a sexual harassment complaint made against them would be relevant to establishing a hostile and discriminatory atmosphere. *See*

Cummings, 265 F.3d at 63. Furthermore, on the pleadings, the Court cannot determine if this complaint is too remote to be rendered irrelevant.

However after reviewing both Plaintiff's *Motion in Limine* and Defendant's *Opposition*, the Court finds that a hearing regarding the admissibility of Garcia's testimony as to her verbal sexual harassment complaint is necessary. Thus, the Court will abstain from ruling on the admissibility of said testimony until after it hears the proffered testimony outside the presence of the jury. *See* Fed. R. Evid. 104(a) and 104(c)(3).

### D. **The proffered evidence of Sastre's Internal Complaint is Deemed as Withdrawn**

Lastly, Plaintiff requested that Sastre's verbal sexual harassment complaint agains Héctor O'Neill-Rosa be admitted into evidence. However, after filing a Motion in Limine to that effect, Plaintiff did not include Sastre in her "Revised Fact Witness List" provided in the *Joint Addendum to the Proposed Pre-Trial Conference Memorandum in Compliance* with Docket 297. (Docket Nos. 262 and 307 at 1, respectively). Therefore, the Court understands that Plaintiffs request to present Sastre's harassment claims has been withdrawn.

### IV.   CONCLUSION

Trial courts have "considerable latitude in determining whether to admit or exclude evidence." Santos v. Sunrise Medical, 351 F.3d 587, 592 (1st Cir. 2003) (internal citations omitted).

For the reasons stated above, Plaintiff's *Motion in Limine to Admit Evidence of Prior Complaints and Incidents of Sexual Harassment and Retaliation* at Docket No. 262 is **DENIED in part** and **HELD IN ABEYANCE in part.** Diaz-Zayas, Vazquez-Santiago and Roig's complaints and EEOC charges are deemed inadmissible. Plaintiff's request to admit Sastre's internal complaint into evidence is deemed withdrawn. The Court shall rule on the admissibility of evidence of Garcia's internal complaint after holding an evidentiary hearing in the absence of the jury to that end.

   **IT IS SO ORDERED.**

   In San Juan Puerto Rico, this 23rd day of October 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
