**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| INÉS MARÍA JELÚ IRAVEDRA,<br><br>**Plaintiff,**<br><br>v.<br><br>MUNICIPALITY OF GUAYNABO, *et al.*,<br><br>**Defendants.** | **CIVIL NO.** 16-1585(RAM) |

**OPINION AND ORDER**

On March 31, 2016, Inés María Jelú-Iravedra ("Jelú" or "Plaintiff") filed a Complaint against her former employer, the Municipality of Guaynabo ("the Municipality" or "Defendant") for alleged sex-based discrimination, sexual harassment in the form of hostile work environment, retaliation, and vicarious tort liability. (Docket No. 1). In her Complaint, Plaintiff invoked both Title VII, 42 U.S.C. 2000e *et seq.* and Puerto Rico Law No. 17, 29 P.R. Laws Ann. tit. § 155 *et seq.* Plaintiff also presented a claim for damages against the alleged harasser, co-defendant Héctor O'Neill-Rosa ("O'Neill-Rosa"). Id. This last claim however was voluntarily dismissed by Plaintiff and a partial judgment was entered at the Docket. (Docket Nos. 299 and 302, respectively). A jury trial was held between October 22 and November 1, 2019.

On November 4, 2019, the Jury rendered a Verdict in favor of Jelú and against the Municipality. The Verdict awarded Plaintiff $1,011,593.24 in compensatory damages for pain and mental anguish against the Municipality. The Jury was not asked to specify whether the amounts were awarded under Title VII or under the Commonwealth claims. The elements of both sets of claims are virtually identical and the sole item of recoverable damages was mental anguish. *See* Valentin-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 101 (1st Cir. 2006) ("Puerto Rico interprets Law 17 as congruent with Title VII.") Thus, there was no principled way to instruct the jury to apportion damages between the Title VII or the Commonwealth claims.

The question currently before the Court is how to allocate the Jury award between Jelú's Title VII claims and the Commonwealth's claims before entering Judgment. Damages for Plaintiff's Title VII claims are subject to statutory caps which depend on the size of the employer's workforce at the time the harassment took place. *See* 42 U.S.C. 1981a. Damages under Plaintiff's Commonwealth claims however are not capped as her claims accrued before the Puerto Rico Legislature enacted caps. This issue will become moot in cases arising after March 27, 2017 because Puerto Rico has adopted damages caps which mirror their Title VII's counterparts. *See* 29 P.R. Laws Ann. tit. §123a.

Also on November 4, 2019, the Court granted the Municipality a seven (7) day term to certify the size of its work-force for each year between 2012 and 2016. Docket No. 355. On November 11, 2019, the Municipality complied. Docket No. 357.

At all relevant times, the Municipality had more than 500 employees. Docket No. 357. Consequently, the cap on compensatory damages for her Title VII claims is $300,000. See 42 U.S.C. 1981a(b)(3).

The Court will therefore impute from the Verdict the amount of **$300,000** in compensatory damages to Jelú's Title VII claims. The resulting balance of **$711,593.24** in compensatory damages awarded by the Jury will be allocated to Jelú's Commonwealth claims and doubled pursuant to Puerto Rico law. See 29 P.R. Laws Ann. tit. §155j. The reasons for the allocation are as follows.

First, there is no reason to believe that the jury favored applying the damages either to the Title VII claims or to the Commonwealth claims. See Rodriguez Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52, 66 (1st Cir. 2005).

Second, the intended apportionment adheres to Title VII's damages cap while maximizing Plaintiff's recovery. Id.

Third, the Court's intended apportionment respects the only plausible reading of the Verdict: the Jury wanted to award

Plaintiff $1,011,593.24 in compensatory damages, regardless of whether under Title VII or Puerto Rico law. Id.

Lastly, the intended allocation also respects Puerto Rico's prerogative to provide a greater remedy than that afforded by Title VII. Id. Thus, the $711,593.24 allocated in compensatory damages to the Commonwealth claims shall be doubled to $1,423,186.48 pursuant to P.R. Law No. 17, P.R. Laws Ann. tit. § 155j.

Judgment in the amount of **$1,723,186.48** shall be entered accordingly.

IT IS SO ORDERED.

In San Juan Puerto Rico, this 13th day of November 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge